UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERMAINE ROGERS, | No. 2:08 CV 0026 AWT |
| Plaintiff, | |
| v. | ORDER OF DISMISSAL |
| GOVERNOR OF CALIFORNIA, | |
| Defendant. | |

When Rogers' *pro se* complaint was tendered for filing, the assigned Magistrate Judge ruled that the in forma pauperis affidavit submitted with the complaint was not properly filled out or filed. Rogers was ordered to submit a new application requesting leave to proceed in forma pauperis. A new application has been submitted, but it continues to be deficient. In light of the continued deficiencies in the IFP application, as well as in the complaint itself, leave to proceed in forma pauperis will be denied and the complaint will be dismissed.

An examination of the application to proceed in forma pauperis discloses continued substantive deficiencies in the application, including failure to have the Certificate completed and signed by an Authorized Officer of the institution of incarceration. Further, plaintiff has not "provide[d] a certified copy of his inmate trust account statement for the six months preceding the filing of his complaint," as required by the Magistrate Judge's order. That order warned that "plaintiff's failure to comply with this order will result in the dismissal of this action."

Further, an examination of the complaint itself discloses its total lack of viability. First, the only defendant named is the Governor, but none of the allegations indicates that the Governor personally had anything to do with the wrongdoing alleged in the complaint. Further, the complaint contains no indication that Rogers has exhausted available administrative remedies, a prerequisite to filing suit under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Although the complaint appears to allege that the state prison at Represa does not have an established process for dealing with prisoners' claims, the court takes judicial notice that California regulations provide otherwise. *See* Cal. Code Regs. tit. 15, § 3084. The Ninth Circuit has enforced compliance with, *i.e.*, required exhaustion of, California's administrative claims scheme many times. *See, e.g., Ngo v. Woodford*, 539 F.3d 1108, 1109-11 (9th Cir. 2007).

For all of the foregoing reasons,

**IT IS ORDERED** that the complaint and action are **DISMISSED** pursuant to 28 U.S.C. §§ 1915(a) and 1915(e)(2).

Dated: August 6, 2009.

                 */s/ A. Wallace Tashima*
                 A. Wallace Tashima
                 United States Circuit Judge
                 Sitting by designation